JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

EMPLOYERS INSURANCE COMPANY as assignee and also HG ASB PROPERTY, LLC and any other entity, including ASB Real Estate Investments Master Insurance Program and any subsidiary, that has received, directly or indirectly, benefits under policy number YAC-L9L-457553-018

## DEFENDANTS

THE VIKING CORPORATION; VIKING GROUP, INC.; SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET and VIKING SUPPLY NET; VIKING PLASTICS LLC a/k/a KT PLASTICS LLC and VIKING CPVC; and S.A. COMUNALE CO., INC.

**(b)** County of Residence of First Listed Plaintiff    Boston, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Barry County, MI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Christopher Konzelmann, Esquire, White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103     215-864-6334

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 (a)(1)

Brief description of cause:
Subrogation - strict liability and negligence

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$869,342.12

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

MAR 17 2020

DATE
March 16, 2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 175 Berkeley Street, Boston, Massachusetts 02116

Address of Defendant: 210 N. Industrial Park Drive, Hastings, Michigan 49058

Place of Accident, Incident or Transaction: 1213 Walnut Street, Philadelphia, Pennsylvania 19107

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes ☐　No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes ☐　No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　Yes ☐　No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes ☐　No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 16, 2020 _____  _____ (Must sign here)   58927
*Attorney-at-Law / Pro Se Plaintiff*　　　　　*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
    *(Please specify):*   Strict Product Liability and Negligence

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Christopher Konzelmann , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 16, 2020 _____  _____ (Sign here if applicable)   58927
*Attorney-at-Law / Pro Se Plaintiff*　　　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| v. | : | 20   1461 |
|  | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✗)

| 3-9-20 | Christopher Konzelmann | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-6334 | 215-789-7636 | Konzelmannc@whiteand williams.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 17 2020



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU as assignee and a/s/o HG ASB PROPERTY, LLC and any other entity, including ASB Real Estate Investments Master Insurance Program and any subsidiary, that has received, directly or indirectly, benefits under policy number YAC-L9L-457553-018 | CIVIL ACTION<br><br>20    1461<br><br>JURY TRIAL DEMANDED |
|                Plaintiff, | |
| v. | |
| THE VIKING CORPORATION;<br>VIKING GROUP, INC.;<br>SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET and VIKING SUPPLY NET;<br>VIKING PLASTICS LLC a/k/a KT PLASTICS LLC and VIKING CPVC; and<br>S.A. COMUNALE CO., INC. | |
|                Defendants. | |

## COMPLAINT

1.     Plaintiff, Employers Insurance Company of Wausau ("Plaintiff" or "Wausau"), proceeding as assignee and subrogee of HG ASB Property, LLC and any other entity, including ASB Real Estate Investments Master Insurance Program and any subsidiary, that has received, directly or indirectly, benefits under policy number YAC-L9L-457553-018 (collectively "HG ASB"), is a Wisconsin insurance company with a principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. At all times relevant hereto, Wausau was in the business of selling insurance and was authorized to issue insurance policies covering properties in the Commonwealth of Pennsylvania.

2.      At all times material hereto, Wausau insured the interests of HG ASB in the real and personal property located at 1213 Walnut Street, Philadelphia, Pennsylvania 19107 ("Subject Premises") through policy number YAC-L9L-457553-018 ("Policy"), effective April 1, 2018 to April 1, 2019.

3.      Defendant The Viking Corporation ("Viking Corp.") is a Michigan corporation with its principal place of business located at 210 N. Industrial Park Drive, Hastings, Michigan 49058.   Viking Corp.'s Registered Agent is Janice A. Oshinski, 5150 Beltway Dr. SE, Caledonia, Michigan 49316.

4.      At all times material hereto, Viking Corp. was in the business of designing, manufacturing, assembling, marketing, labeling, distributing, fabricating and/or selling CPVC piping.

5.      Defendant Viking Group, Inc. ("Viking Group") is a Michigan corporation with its principal place of business located at 3033 Orchard Vista Drive, Suite 308, Grand Rapids, Michigan 49546.  Viking Group's Registered Agent is Janice A. Oshinski, 5150 Beltway Dr. SE, Caledonia, Michigan 49316.

6.      At all times material hereto, Viking Group was in the business of designing, manufacturing, assembling, marketing, labeling, distributing, fabricating and/or selling CPVC piping.

7.      Defendant Supply Network, Inc. ("Supply Network" or "Viking SupplyNet"), doing business as Viking SupplyNet and Viking Supply Net, is a Michigan corporation with its principal place of business located at 3033 Orchard Vista Drive, Suite 308, Grand Rapids, Michigan 49546.  Supply Network's Registered Agent is Janice Oshinski, 5150 Beltway Dr. SE, Caledonia, Michigan 49316.

24284179v.1

8.     Upon information and belief, Supply Network is authorized to do business in Pennsylvania under the names Viking Supply Net and Viking SupplyNet and its registered agent in Pennsylvania is CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

9.     At all times material hereto, Supply Network was in the business of designing, manufacturing, assembling, marketing, labeling, distributing, fabricating and/or selling CPVC piping.

10.     Defendant Viking Plastics LLC a/k/a KT Plastics LLC and Viking CPVC ("Viking Plastics") is a Michigan limited liability company.   Upon information and belief, Viking Plastic's principal place of business is located at 202 Industrial Drive, Huntsville, Alabama 35811.   Viking Plastic's registered agent is Jamie Halfmann, 5150 Beltway Dr. SE, Caledonia, Michigan 49316.

11.     At all times material thereto, Viking Plastics was in the business of designing, manufacturing, assembling, marketing, labeling, distributing, fabricating, and/or selling CPVC piping. Hereinafter, Viking Corp., Viking Group, Supply Network and Viking Plastics are referred to, collectively, as "Viking."

12.     Defendant S.A. Comunale Co., Inc. ("Comunale") is an Ohio corporation.  Upon information and belief, Comunale's principal office is located at 2900 Newpark Drive, Barberton, Ohio 44203.  Comunale is registered to do business in Pennsylvania and its registered agent for service of process is Corporation Service Company PA, located in Dauphin County. Upon information and belief, Corporation Service Company's address is 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

13.     At all times material hereto, Comunale was in the business of, among other things, selling and installing mechanical, fire protection and HVAC systems, including sprinkler systems.

## JURISDICTION AND VENUE

14.     There is complete diversity of citizenship among the parties.

15.     Viking, acting directly or via an agent, sold, distributed, marketed and/or delivered CPVC piping to customers in, among other places, Pennsylvania.

16.     At all times material hereto, Viking, directly or through its agents, engaged in substantial, continuous, systematic and non-isolated business activity in Pennsylvania.

17.     Viking contracted to supply services and/or things in Pennsylvania and caused harm in Pennsylvania.

18.     The incident at issue arose out of Viking's contacts with Pennsylvania.

19.     On or about November 3, 2015, Comunale, acting directly or via an agent, contracted with Hunter Roberts Construction Group, LLC ("Hunter Roberts") to, among other things, install the sprinkler system at the Subject Premises.

20.     This Court has jurisdiction over Supply Network and Comunale because, among other reasons, they registered to do business in Pennsylvania and, thus, consented to jurisdiction.

21.     The amount in controversy exceeds, exclusive of costs and interest, the sum set forth in 28 U.S.C. § 1332.

22.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

23.     Pursuant to 28 U.S.C. § 1391, venue in the United States District Court for the Eastern District of Pennsylvania is proper as the incident giving rise to the cause of action occurred in this district.  See 28 U.S.C. § 118.

-4-

## FACTS

24.    On or about October 21, 2015, Hunter Roberts contracted with HG ASB to act as the general contractor for the construction of the Subject Premises, a mixed use apartment project.

25.    On or about November 16, 2015, Hunter Roberts subcontracted with Comunale for Comunale to complete the Fire Protection work for the project.   The work including supplying and installing the sprinkler system.

26.    Comunale installed the sprinkler system at the Subject Premises, including the sprinkler system piping that ran behind the bedroom wall in Unit 503.

27.    Upon information and belief, tenants started moving into the lower floors of the building in July of 2017 and construction was complete in or around January of 2018.

28.    On or about February 6, 2019, the BlazeMaster® (a/k/a Viking Plastics BlazeMaster®) CPVC sprinkler pipe behind the wall in Unit 503 catastrophically failed (the "Incident").

29.    Water from the failed pipe damaged the building and displaced tenants.

30.    The pipe failed because of manufacturing defects and/or installation errors.

31.    As a direct and proximate result of the Incident, Plaintiff's insured suffered damage to its real and personal property, including extra expenses, business income loss, and consequential damages in the amount of $869,342.12.

32.    After the Incident, Plaintiff's subrogor submitted a claim to Plaintiff for the damages arising from the water leak.

33.    Plaintiff, pursuant to the terms of the Policy, paid benefits to or on behalf of its insured subrogor.

-5-

24284179v.1

34.     Pursuant to the terms of the Policy, HB ASB assigned its rights of recovery against third parties, including the defendants, to Plaintiff.  In addition, Plaintiff is equitably and/or conventionally subrogated, to the extent of its payments, to HB ASB's rights against third parties, including the defendants.

35.     At all times material hereto, Viking acted through its agents, servants, representatives, subcontractors, subagents and/or workmen, all of whom acted within the course and scope of their employment and/or under the control of Viking.

36.     At all times material hereto, Comunale acted through its agents, servants, representatives, subcontractors, subagents and/or workmen, all of whom acted within the course and scope of their employment and/or under the control of Comunale.

## COUNT I – STRICT LIABILITY
## PLAINTIFF v. VIKING

37.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

38.     Viking had a duty to design, manufacture, assemble, label, distribute, fabricate, sell and/or otherwise supply a sprinkler pipe product that was free from defects and safe for its intended use.

39.     Viking designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied the sprinkler pipe in a defective and unreasonably dangerous condition.

40.     At the time Viking designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied the sprinkler pipe, it was reasonably foreseeable that it would fail and cause a water loss resulting in damage to the property of consumers or users.

-6-

41.     The seriousness of this type of injury outweighed any additional burden that might have been experienced in properly designing, manufacturing, assembling, labeling, distributing, fabricating, selling and/or otherwise supplying the sprinkler pipe to avoid the type of failure that occurred.

42.     The sprinkler pipe's defective and unreasonably dangerous condition was unknowable and unacceptable to consumers, i.e., did not meet consumer expectations.

43.     Viking knew or had reason to know that builders, contractors and/or end users such as Plaintiff's insured would not realize the sprinkler pipe's defective and unreasonably dangerous condition.

44.     When the Incident occurred, Plaintiff's insured was not aware of the sprinkler pipe's defective condition.

45.     At the time of the Incident, the sprinkler pipe was in the same dangerously defective condition it was in when it left Viking's possession and/or control.

46.     The sprinkler pipe was defective and unreasonably dangerous in one or more of the following ways:

(a)     Viking did not warn users of the dangers associated with the sprinkler pipe;

(b)     it was not designed, manufactured, assembled, labeled, fabricated, distributed, sold and/or otherwise supplied in a condition that was suitable for all reasonably foreseeable uses;

(c)     it failed to perform as represented and expected;

(d)     it was manufactured in a manner that allowed environmental stress cracking;

-7-

(e)   it was manufactured in a manner that was not uniform throughout and which was inconsistent with ASTM F442;

(f)   it was manufactured in a manner that created voids and/or allowed hydrocarbons to absorb into the pipe; and

(g)   it was manufactured in a manner that made it susceptible to trace hydrocarbons that Viking knew or should have known would be present in the water.

47.   If the sprinkler pipe was properly designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied, the water loss that occurred during the Incident would not have happened.

48.   The defective condition of the sprinkler pipe was a substantial factor and direct and proximate cause of the Incident and the damages to Plaintiff's insured's real and personal property.

49.   Viking is strictly liable for all damage caused by the defective sprinkler pipe.

50.   Plaintiff, pursuant to the terms of the Policy, paid benefits to or on behalf of its insured subrogor.

51.   Pursuant to the terms of the Policy, HB ASB assigned its rights of recovery against third parties, including Viking, to Plaintiff.   In addition, Plaintiff is equitably and/or conventionally subrogated, to the extent of its payments, to HB ASB's rights against third parties, including Viking.

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against Defendants The Viking Corporation; Viking Group, Inc.; Supply Network, Inc. d/b/a Viking SupplyNet and Viking Supply Net; Viking Plastics (a/k/a KT Plastics LLC and Viking CPVC),

-8-

jointly and/or severally, in the amount of $869,342.12 together with interest, costs, and such other relief deemed just and proper.

## COUNT II – NEGLIGENCE
## PLAINTIFF V. VIKING

52.    Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

53.    Viking had a duty to act as a reasonable manufacturer, assembler, labeler, distributor, fabricator, seller and/or supplier to ensure that the sprinkler pipe was free from defects and safe for its intended use.

54.    Viking had a duty to take reasonable steps to design, manufacture, assemble, label, distribute, fabricate, sell and/or supply the sprinkler pipe so that it would not fail.

55.    Viking designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied the sprinkler pipe in a defective and unreasonably dangerous condition.

56.    At the time Viking designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied the sprinkler pipe, it was reasonably foreseeable that it would fail and cause a water loss resulting in damage to consumers or users, including Plaintiff's insured.

57.    Viking had a duty not to supply a sprinkler pipe that it knew or should have known would be used by builders, contractors and/or end users who would not realize the sprinkler pipe's dangerous condition.

58.    Viking knew or had reason to know Plaintiff's insured would not realize the sprinkler pipe's defective and unreasonably dangerous condition.

24284179v.1

59.     Viking, by its acts or omissions, failed to act with reasonable care and breached its duty to Plaintiff's insured, foreseeable users of Viking's products, including the sprinkler pipe, in one or more of the following ways:

(a)     it did not give adequate warnings or instructions as to the risks and hazards of a sudden discharge;

(b)     it did not warn users of the dangers associated with the sprinkler pipe;

(c)     it designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied the sprinkler pipe in a condition that was not suitable for all reasonably foreseeable uses;

(d)     it failed to ensure that the sprinkler pipe performed as represented and expected;

(e)     it failed to inspect the sprinkler pipe after its manufacture;

(f)     it inadequately and/or improperly inspected the sprinkler pipe after its manufacture;

(g)     it manufactured the sprinkler pipe in such a manner that allowed environmental stress cracking;

(h)     it manufactured the sprinkler pipe in a manner that was not uniform throughout and which was inconsistent with ASTM F442;

(i)     it manufactured the sprinkler pipe in a manner that created voids and/or allowed hydrocarbons to absorb into the pipe;

(j)     it manufactured the sprinkler pipe in a manner that made it susceptible to trace hydrocarbons that Viking knew or should have known would be present in the water; and

(k)     it failed to correct the defect in the sprinkler pipe.

60.     If the sprinkler pipe was properly designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied, the water loss that occurred during the Incident would not have happened.

61.     The defective condition of the sprinkler pipe was a substantial factor and direct and proximate cause of the Incident and damages to Plaintiff's insured's real and personal property.

62.     Plaintiff, pursuant to the terms of the Policy, paid benefits to or on behalf of its insured subrogor.

63.     Pursuant to the terms of the Policy, HB ASB assigned its rights of recovery against third parties, including Viking, to Plaintiff.  In addition, Plaintiff is equitably and/or conventionally subrogated, to the extent of its payments, to HB ASB's rights against third parties, including Viking.

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against Defendants The Viking Corporation; Viking Group, Inc.; Supply Network, Inc. d/b/a Viking SupplyNet and Viking Supply Net; Viking Plastics LLC a/k/a KT Plastics LLC and Viking CPVC, jointly and/or severally, in the amount of $869,342.12 together with interest, costs, and such other relief deemed just and proper.

## COUNT III – STRICT LIABILITY
## PLAINTIFF V. COMUNALE

64.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

65.     Comunale is engaged in the business of selling, distributing, and supplying sprinkler systems and their component parts, including CPVC sprinkler pipe.

-11-

66.     Comunale sold, distributed, and/or otherwise supplied the CPVC sprinkler pipe at issue.

67.     The CPVC sprinkler pipe was in a defective condition, unreasonably dangerous to expected users when it left Comunale's possess and/or control

68.     The CPVC sprinkler pipe was expected to and did reach the Subject Premises without significant change in the condition in which it was sold, distributed and/or supplied.

69.     When the Incident occurred, Plaintiff's insured was not aware of the sprinkler pipe's defective condition.

70.     The sprinkler pipe was defective and unreasonably dangerous in one or more of the following ways:

(a)     it was not designed, manufactured, assembled, labeled, fabricated, distributed, sold and/or otherwise supplied in a condition that was suitable for all reasonably foreseeable uses;

(b)     it failed to perform as represented and expected;

(c)     it was manufactured in a manner that allowed environmental stress cracking;

(d)     it was manufactured in a manner that was not uniform throughout and which was inconsistent with ASTM F442; and

(e)     it was manufactured in a manner that created voids and/or allowed hydrocarbons to absorb into the pipe;

71.     If the sprinkler pipe was properly designed, manufactured, assembled, labeled, distributed, fabricated, sold and/or otherwise supplied, the water loss that occurred during the Incident would not have happened.

-12-

24284179v.1

72.     The defective condition of the sprinkler pipe was a substantial factor and direct and proximate cause of the Incident and the damages to Plaintiff's insured's real and personal property.

73.     Comunale, as a product seller or distributor, is strictly liable for all damage caused by the defective sprinkler pipe.

74.     Plaintiff, pursuant to the terms of the Policy, paid benefits to or on behalf of its insured subrogor.

75.     Pursuant to the terms of the Policy, HB ASB assigned its rights of recovery against third parties, including Comunale, to Plaintiff.  In addition, Plaintiff is equitably and/or conventionally subrogated, to the extent of its payments, to HB ASB's rights against third parties, including Comunale.

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against Defendant S.A. Comunale Co., Inc., jointly and/or severally, in the amount of $869,342.12 together with interest, costs, and such other relief deemed just and proper.

## JURY DEMAND

Plaintiff requests a jury on all issues presented in this matter.

WHITE AND WILLIAMS LLP

BY: _____
Christopher Konzelmann, Esq.
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6334
konzelmannc@whiteandwilliams.com
Attorneys for Plaintiff

Dated:  March 16, 2020

-13-

24284179v.1